IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELLA DAVIS,

      Plaintiff,                    No. CIV S-08-46 KJM

      vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.                <u>ORDER</u>

      Plaintiff's motion for an award of attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1), is pending before the court. Plaintiff seeks fees based on 1.4 hours in 2007 at the rate of $166.46 per hour for attorney time and 42.25 hours[1] in 2008-2009 at the rate of $172.85 per hour, 8.9 hours at the rate of $106.00 for paralegal time, for a total amount of $ 8,479.35. Defendant does not contest plaintiff's request that the fees be made payable to plaintiff's counsel. Defendant contends fees under the EAJA should not be awarded because the government's position was substantially justified. In the event fees are awarded, defendant contends that the amount of hours claimed is unreasonable.

/////

---

[1] In the moving papers, plaintiff requested 40.45 hours for 2008-2009. This amount was amended in the reply by 1.8 hours for preparation of the reply papers.

1

A. <u>Substantial Justification</u>

The EAJA provides that the prevailing party in a civil action against the United States may apply for an order for attorneys' fees and expenses within thirty days of final judgment in the action. An applicant for Social Security benefits receiving a remand under sentence four of 42 U.S.C. § 405(g) is a prevailing party, regardless of whether the applicant later succeeds in obtaining the requested benefits. <u>Shalala v. Schaefer</u>, 509 U.S. 292 (1993). In this case, the matter was remanded under sentence four pursuant to the order of the court on cross-motions for summary judgment. <u>See</u> Order filed March 26, 2009 (docket no. 20). Plaintiff thus is entitled to an award of fees under the EAJA. The court must allow the fee award unless it finds that the position of the United States was substantially justified. <u>Flores v. Shalala</u>, 49 F.3d 562, 568-69 (9th Cir. 1995).

The burden of establishing substantial justification is on the government. <u>Gutierrez v. Barnhart</u>, 274 F.3d 1255, 1258 (9th Cir. 2001). In <u>Pierce v. Underwood</u>, 487 U.S. 552 (1988), the Supreme Court defined "substantial justification" as

> 'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person. That is no different from the 'reasonable basis in both law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue.

<u>Id</u>. at 565. A position does not have to be correct to be substantially justified. <u>Id</u>. at 566 n.2; <u>see also</u> <u>Russell v. Sullivan</u>, 930 F.2d 1443, 1445 (9th Cir. 1991), <u>receded from on other grounds</u>, <u>Sorenson v. Mink</u>, 239 F.3d 1140 (9th Cir. 2001); <u>Lewis v. Barnhart</u>, 281 F.3d 1081, 1083 (9th Cir. 2002).

In determining substantial justification, the court reviews both the underlying governmental action being defended in the litigation and the positions taken by the government in the litigation itself. <u>Barry v. Bowen</u>, 825 F.2d 1324, 1331 (9th Cir. 1987), <u>disapproved on other grounds</u>, <u>In re Slimick</u>, 928 F.2d 304 (9th Cir. 1990). Where the underlying government action was not substantially justified, it is unnecessary to determine whether the government's

litigation position was substantially justified. Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir. 1988).

Defendant contends the government's position was substantially justified because the ALJ considered factors that are considered valid in rejecting the opinion of plaintiff's treating physician. Although the factors considered by the ALJ can be valid, in the context of this case they were totally invalid. The ALJ mischaracterized the record, ignored the treatment notes available to plaintiff's treating physician and relied on a four-year old report from an examining physician that predated plaintiff's documented deteriorating condition. Although defendant is correct that the government can lose on the merits and its position still be substantially justified for purposes of EAJA, defendant's argument in this instance is unavailing. In reviewing the transcript, briefing on the cross-motions for summary judgment and order granting remand in this case, the court has determined defendant's position had no reasonable basis in either law or fact. The government's position thus was not substantially justified and fees under the EAJA therefore will be awarded.

B. Reasonable Fee

Defendant also contests the number of hours claimed by plaintiff's attorney. The EAJA directs the court to award a reasonable fee. In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate, and the results obtained. See Commissioner, INS v. Jean, 496 U.S. 154 (1990); Hensley v. Eckerhart, 461 U.S. 424 (1983); Atkins v. Apfel, 154 F.3d 986 (9th Cir. 1998). Defendant contends that the hours expended by plaintiff's counsel are unreasonable. Specifically, defendant argues that 35 hours for preparing a motion for summary judgment and twelve hours for preparing the fee petition is excessive.

In reviewing the transcript, briefing on the cross-motions for summary judgment and order granting remand in this case, and the time expended on tasks as set forth in plaintiff's schedule of hours, the court has determined the hours claimed are reasonable for preparation of the motion for summary judgment. The court notes counsel did not represent plaintiff at the

1  administrative level and had to become familiar with the case, which included a 526 page
2  administrative transcript presenting several issues of mental and physical impairments.  The court
3  has scrutinized closely the hours claimed by counsel and finds no reason to believe they are
4  inflated.  With respect to the paralegal time claimed, clerical tasks are noncompensable and
5  therefore the requested amount will be reduced by 3.55 hours.
6            Accordingly,  IT IS HEREBY ORDERED that fees pursuant to the EAJA are
7  awarded to plaintiff in the amount of $8,103.05.  This amount shall be made payable to
8  plaintiff's counsel.
9  DATED:  September 24, 2009.

_____
U.S. MAGISTRATE JUDGE

006
davis.fee

4